KEEFE M. BERNSTEIN (Tex. Bar No. 24006839)
Email: bernsteinK@sec.gov
*ADMITTED PRO HAC VICE*
Attorney for Plaintiff
U.S. Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Phone: 817-900-2607
Fax: (703) 813-9460

Local Counsel:
Amy Longo (Calif. Bar No. 198304)
Email: LongoA@sec.gov
U.S. Securities and Exchange Commission
444 South Flower Street, Suite 900
Los Angeles, California 90071
Phone: 323-965-3835
Fax: 213-443-1904

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**RENEW SPINAL CARE, INC., LASERSCOPIC MEDICAL CLINIC, LLC, JOE SAMUEL BAILEY, BARRY EDWARD MITCHELL, LAURENCE GROSSNICKLE,** and **CHARLES CLEMENT GOUBERT, JR.,**<br><br>**Defendants.** | **Case No. 2:20-cv-03676-RGK-PVC**<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AS TO DEFENDANTS RENEW SPINAL CARE, INC., LASERSCOPIC MEDICAL CLINIC, LLC, JOE SAMUEL BAILEY, BARRY EDWARD MITCHELL, LAURENCE GROSSNICKLE,** and **CHARLES CLEMENT GOUBERT, JR.** |

The Securities and Exchange Commission having filed a Complaint and Defendants Renew Spinal Care, Inc. ("Renew"), Laserscopic Medical Clinic, LLC ("Laserscopic"), Joe Samuel Bailey ("Bailey"), Barry Edward Mitchell

1

("Mitchell"), Laurence Grossnickle ("Grossnickle"), and Charles Clement Goubert, Jr. ("Goubert") (collectively, "Defendants"), each having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Renew, Laserscopic, Bailey, Mitchell, Grossnickle, and Goubert are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and 10b-5(c) promulgated thereunder [17 C.F.R. §§ 240.10b-5(a), 240.10b-5(c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (1) to employ any device, scheme, or artifice to defraud; and/or (2) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Renew's, Laserscopic's, Bailey's, Mitchell's, Grossnickle's, and Goubert's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with such Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Renew, Laserscopic, and Bailey are permanently restrained and enjoined from violating Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(1), 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (1) to employ any device, scheme, or artifice to defraud; and/or (2) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Renew's, Laserscopic's, and Bailey's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with such Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mitchell, Grossnickle, and Goubert are permanently restrained and enjoined from violating Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (1) to employ any device, scheme, or artifice to defraud; and/or (2) to obtain money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mitchell's, Grossnickle's, and Goubert's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with such Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mitchell, Grossnickle, and Goubert are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or

examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Mitchell's, Grossnickle's, and Goubert's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with such Defendants or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mitchell, Grossnickle, and Goubert are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by each of them, respectively, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Mitchell, Grossnickle, or Goubert from purchasing or selling securities for his own personal account.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mitchell's, Grossnickle's, and Goubert's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with such Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

Renew, Laserscopic, and Bailey are liable, on a joint and several basis with each other, for disgorgement of $4,950,000, representing profits gained as a result

of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $410,476;

Mitchell is liable for disgorgement of $634,123.23, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $61,230.72;

Grossnickle is liable for disgorgement of $210,031.09, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $20,280.52;

Goubert is liable for disgorgement of $69,089.17, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,671.22;

Renew is liable for a civil penalty in the amount of $189,427 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

Laserscopic is liable for a civil penalty in the amount of $189,427 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

Bailey is liable for a civil penalty in the amount of $189,427 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

Mitchell is liable for a civil penalty in the amount of $189,427 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

Grossnickle is liable for a civil penalty in the amount of $189,427 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

Goubert is liable for a civil penalty in the amount of $189,427 under Section

20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendants shall satisfy their payment obligations by paying the Securities and Exchange Commission within 30 days after entry of this Final Judgment. Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, the Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to such Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds,

together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, a Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants' Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Bailey, Mitchell, Grossnickle, and Goubert, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Bailey, Mitchell, Grossnickle, or Goubert under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by such Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 12, 2020

_____
Honorable R. Gary Klausner
United States District Judge